## BATEMAN v. DANIEL.
### No. 1457.

Court of Civil Appeals of Texas. Eastland.
Dec. 6, 1935.

Rehearing Denied Jan. 17, 1936.

Reed & Currie, of Dallas, for appellant.

Lyndsay D. Hawkins, of Breckenridge, for appellee.

LESLIE, Chief Justice.

The plaintiff, M. E. Daniel, instituted this suit against the defendant, G. O. Bateman, to recover on a promissory note payable to the order of said Daniel. The defendant answered by general denial, general demurrer, and set up a cross-action seeking to apply against any recovery on said note certain sums alleged to be due the defendant by reason of the plaintiff having theretofore converted certain bank and abstract stocks belonging to the defendant, as well as

dividends accruing on the same. General denial was made to the answer, and a trial was had before the court and jury. The case was submitted to the jury on special issues, and upon the answers returned thereto the court rendered judgment for the plaintiff against the defendant for the sum of $8,504.81, with interest thereon at the rate of 8 per cent. per annum from date of judgment, October 10, 1934, until paid, etc. The defendant appeals. The parties will be referred to as in the trial court. The pertinent issues answered by the jury are as follows:

"Special Issue No. 1. Do you find and believe from a preponderance of the evidence that the plaintiff M. E. Daniel converted 25 shares of the capital stock of the First National Bank of Breckenridge belonging to the defendant G. O. Bateman? Answer yes or no. Answer: No.

"* * * Special Issue No. 6. Do you find and believe from a preponderance of the evidence that the plaintiff M. E. Daniel converted 37 shares of the capital stock of the Stephens County Abstract Company belonging to the defendant G. O. Bateman? Answer yes or no. Answer: No.

"* * * Special Issue No. 11. Do you find from a preponderance of the evidence that at the time of the execution of the note sued upon any credits were due to the defendant G. O. Bateman on account of dividends paid upon the bank stock? Answer yes or no. Answer: Yes.

"* * * Special Issue No. 12. From a preponderance of the evidence, what amount in dollars and cents, if any, of credits was the defendant G. O. Bateman entitled to at the time he executed the note herein sued upon on account of dividends from said bank stock? Answer in dollars and cents if any. Answer: $1540.20.

"* * * Special Issue No. 14. Do you find from a preponderance of the evidence that at the time of the execution of the note sued on any credits were due to the defendant G. O. Bateman on account of dividends paid upon said stock of the Stephens County Abstract Company? Answer yes or no. Answer: Yes.

"* * * Special Issue No. 15. From a preponderance of the evidence, what amount in dollars and cents, if any, in credits was the defendant G. O. Bateman entitled to at the time he executed the note herein sued upon on account of dividends from the said Abstract Company stock? Answer in dollars and cents, if any. Answer: $1920.00."

Based upon this verdict, said judgment was entered in favor of the plaintiff after giving the defendant credit for the dividends as of the time inquired about. This appeal is predicated upon six propositions of law which will be considered in their order.

Propositions 1 and 2 will be considered together, since they raise similar questions involving admissibility of testimony. In the course of the trial the plaintiff introduced in evidence the original petition filed by him October 10, 1924, in a suit against the defendant, and also a writ of garnishment ancillary thereto directed against the First National Bank of Breckenridge. In connection with other testimony the evidence was offered as bearing upon the issue of conversion and its admission was over the objection of the defendant that each instrument was immaterial, irrelevant, incompetent, had no bearing on any issue in the case, and might be prejudicial to the defendant.

To reflect more clearly the points raised in our ruling on the same, a statement from the record will be made. This suit was instituted March 10, 1934, on a promissory note for $6,450, dated October 16, 1929, payable to the order of said Daniel six months after date with interest at 8 per cent. per annum, attorney's fees, etc. The principal represented money borrowed by the defendant from the plaintiff in 1920. The original loan was about $7,000. At the time of the loan, or soon thereafter, the defendant secured the same by pledging as security 25 shares of stock in the First National Bank of Breckenridge and 37 shares of stock in the Stephens County Abstract Company, and indorsed and delivered same to plaintiff for that purpose. The original loan was evidenced by a note which was renewed from time to time until the note in suit was executed and delivered.

In his pleadings the defendant did not allege that the stock was converted at any particular time, nor did he testify

that it occurred at any particular time. The charge was general, and the conversion might have occurred, if at all, at any time after the stock was placed as collateral until the date of the answer setting up such alleged fact. Plaintiff denied the conversion at any time, and the cause went to trial with that issue as practically the controlling question.

When the suit and garnishment were sued out October 10, 1924, about $2,000 of the defendant's funds were impounded in the bank. This situation led to immediate negotiations between the litigants, with the result that by mutual agreement one half of the funds impounded were left to the disposal of the defendant and the other half was applied to the indebtedness. The unpaid balance was evidenced by a renewal note and the indebtedness was carried forward in somewhat the usual way.

At all times while the above matters and transactions were taking place, said bank and abstract stocks were up as collateral. As indicated, the defendant responded to the suit and garnishment proceedings by applying a portion of the funds impounded as a payment on the debt, and according to plaintiff's contentions, the defendant at no time then or theretofore raised any question whatever that said stocks, etc., had been converted. It is the plaintiff's view that the defendant's payment on said indebtedness under the circumstances, and his failure to complain of the then existing status of the debt and collateral, were a recognition of the regularity of the transactions between him and the plaintiff involving the stocks, etc.; that the necessary inference arising from the situation repelled the conclusion that any conversion of the stock had taken place up to that time.

It is apparent that the defendant at that time recognized the debt of which the present is a part, procured a release of the garnishment, and made no charge of conversion. It was appropriate for the plaintiff to show on this trial that the conversion had not taken place in 1924, nearly four years after the stock had been put up as collateral. The testimony objected to, taken in connection with the other undisputed testimony, tended to show no conversion prior to the dismissal of the old suit.

It would have been practically impossible for the defendant to show a conversion of the stocks without showing when it occurred, and the testimony therefore had some bearing upon the validity of the defendant's general charge (in time) of conversion in this suit.

Further, the defendant's objection to said testimony was directed to the introduction of said "original petition" in this cause. The defendant's objection to the admission of the petition, etc., in the old suit was that such instruments were immaterial, irrelevant, incompetent, etc. The old petition and the fact that the suit was instituted was referred to by the defendant himself in his direct testimony, and on cross-examination, without objection, he testified he had been so sued, and he referred the attorney cross-examining him to the old petition for the contents thereof. Reading the evidence and bearing in mind the particular objections made by the defendant to the admission of such testimony, we are of the opinion that the same character of testimony was introduced more than once before the jury without objection upon the part of the defendant. For this reason we think the defendant has no valid ground for complaint against the admission of the testimony were it deemed to be inadmissible under the rules of evidence. 3 Tex. Jur. p. 1032, § 732, and authorities thereunder. We are, however, of the opinion that the testimony was admissible, and for the reasons above given the first and second propositions are overruled.

In response to issues 1 and 6, the jury found that the plaintiff Daniel did not convert either the bank stock or the abstract stock. Proposition 3 is to the effect that there is no evidence to support such findings. We have read the entire statement of facts, and conclude that the jury's verdict in said respect is supported by sufficient testimony. The verdict is upon sharply conflicting testimony. Proposition 3 is overruled.

We are also of the opinion that the contention (proposition 4) that the verdict is against the overwhelming weight of the evidence should be overruled.

Propositions 5 and 6 complain that the judgment is for an excessive amount. The judgment gave effect to the findings of the jury that the defendant

was entitled to have certain stock dividends credited on the indebtedness. Under the terms of the notes involved, and in the light of the testimony as a whole, we overrule these propositions as being without merit.

For the reasons assigned the judgment of the trial court is affirmed.